# IN THE UNITEST STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff** | ) | **CASE NO. 4:16-CR-0239** |
| | ) | |
| | ) | **JUDGE DAN A. POLSTER** |
| **v.** | ) | |
| | ) | **OPINION AND ORDER** |
| **PHILLIP M. LEMON, II,** | ) | |
| | ) | |
| **Defendant** | ) | |

## MEMORANDUM

Before the Court is Defendant Phillip M. Lemon II's *pro se* motion to reduce sentence (ECF Doc. 42) and his motion for compassionate release, filed through counsel on February 24, 2021. (ECF Doc. 47). For the following reasons, Defendant Lemon's motion is **DENIED**.

### I. Background

On November 8, 2016, as part of a plea agreement, Defendant Lemon pleaded guilty to drug trafficking. ECF Doc. 33. On February 23, 2017, the Court sentenced him to 180 months in prison. ECF Doc. 40. Lemon is currently being held at FCI Beckley and has a release date of March 24, 2029.[1] Lemon has moved the Court to reduce his sentence because he suffers from hypertension and obesity; has experienced COVID 19 symptoms for the last few months; and his 9-year old daughter's mother recently died. The Court appointed a Federal Public Defender ("FPD") for Lemon on December 16, 2020. On January February 24, 2021, the FPD filed a motion for compassionate release on Lemon's behalf. ECF Doc. 47. On March 4, 2021, the

---

[1] *Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/last visited March 17, 2021).

Government filed a response in opposition to Lemon's motion. ECF Doc. 50. Lemon then filed a reply to the Government's response in opposition on March 12, 2021. ECF Doc. 53.

## II. Discussion

### A. Exhaustion of Administrative Process

Before petitioning the Court for compassionate release, a defendant must show that he has "fully exhausted all administrative rights" to request relief from the Bureau of Prisons ("BOP"), or else must show that thirty (30) days have elapsed since a request has been received by the warden of the defendant's facility. 18 U.S.C. § 3582(c)(1)(A). This "mandatory claim-processing rule" must be enforced when raised in opposition to an improperly filed motion. *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. Jun. 2, 2020). Here, Defendant Lemon exhausted his administrative rights and the Court will proceed to the merits of his motion. *See* ECF Doc. 47 at 2.

### B. Factors Warranting Early Release

Under 18 U.S.C. § 3582(c)(1)(A)(i), before granting a sentence modification, a court must find: (A) extraordinary and compelling reasons warrant a sentence modification; (B) the defendant is not a danger to the safety of any other person or the community, and (C) the reduction is appropriate considering the sentencing factors located at 18 U.S.C. § 3553(a). 18 U.S.C. §3582(c)(1)(A).

#### 1. Extraordinary and Compelling Reasons

##### a. Lemon's Medical Conditions

To determine whether extraordinary and compelling reasons for sentence modification exist, the Court considers whether: (1) the defendant is at high risk of having grave complications should he contract COVID-19, and (2) the prison where the defendant resides has

a severe COVID-19 outbreak.  *See United States v. Jones*, No. 20-3701, 980 F.3d 1098, 1109 (6th Cir. Nov. 20, 2020) ("Until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release…").

Lemon is obese and has hypertension.  The Government argues that Lemon has the ability to control his obesity and has lost 20 pounds since being incarcerated.  The Government also argues that Lemon has no heart complications associated with his hypertension.  ECF Doc. 50 at 9-10.  The Centers for Disease Control and Prevention ("CDC") have determined that certain medical conditions lead to the likelihood of severe outcomes from COVID-19,[2] and the Court has relied on this list in assessing the risk to individual inmates.  Obesity is on the list of conditions increasing risk and hypertension is on the list of conditions that "might be at an increased risk."  Thus, despite the Government's argument to the contrary, Lemon may meet the first prong of the extraordinary and compelling reasons test.

However, Lemon does not meet the second prong of the "extraordinary and compelling reasons" test.  Currently, FCI Beckley has only seven active cases: two among inmates and five among staff.[3]  This represents a wholly negligible infection rate within the facility.[4]  It appears that the protective measures implemented by BOP may have mitigated the need for early release to protect the health of inmates.  And, the BOP has begun a program of vaccination of its inmates.  ECF Doc. 50 at 4.  As "extraordinary and compelling" reasons are a necessary

---

[2] People with Certain Medical Conditions, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited March 17, 2021).
[3] COVID-19 Coronavirus, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited March 17, 2021).
[4] There are currently 1,577 inmates held at FCI Beckley. FCI Beckley, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/locations/institutions/bec (last visited March 17, 2021).

component of the Court's ability to grant compassionate release, and as Lemon has failed to provide such reasons, his Motion cannot be granted.

### b. Caregivers for Lemon's Daughter

Lemon also argues that the death of his daughter's mother is an extraordinary and compelling circumstance justifying his early release. He represents that his daughter is now living with her maternal grandparents who are currently caring for four of their grandchildren and live in a two-bedroom apartment. ECF Doc. 47 at 6. He further states that they are in their 60s and have numerous physical and mental health issues. *Id.*

"For BOP purposes, 'incapacitation' means the family member caregiver suffered a severe injury (e.g., auto accident) or suffers from a severe illness (e.g., cancer) that renders the caregiver incapable of caring for the child.'" Federal Bureau of Prisons, Program Statement 5050.50, Compassionate Release/Reduction in Sentence, at 7 (2019); see also *United States v. Collins*, No. 15-10188-EFM, 2020 U.S. Dist. LEXIS 5001, 2020 WL 136859, at *4 (D. Kan. Jan. 13, 2020) (adopting the BOP definitions)." *United States v. Montgomery*, No. 5: 17-082-DCR, 2020 U.S. Dist. LEXIS 206132, at *4 (E.D. Ky. Nov. 4, 2020).

The Government argues that Lemon has not provided any documentation of the incapacitation of his daughter's grandparents and his concerns regarding their ability to care for her do not amount to an extraordinary and compelling reason justifying his early release. ECF Doc. 50 at 13. The Court agrees. Other than listing their physical and mental health conditions, Lemon has not shown that his daughter's grandparents are unable to care for her during his incarceration. Moreover, the fact that they are caring for three other grandchildren suggests that they *are* capable of caring for Lemon's daughter.

In his reply brief, Lemon further argues that the incapacitation at issue is that of the minor child's mother, given her documented death, which alone amounts to an "extraordinary and compelling reason" for compassionate release. ECF Doc. 53 at 3. However, the death of a minor child's caregiver only amounts to an "extraordinary and compelling reason" when the defendant has provided documentation that they are the only available caregiver for the child. *Collins*, No. 15-10188-EFM, 2020 U.S. Dist. LEXIS 5001, at *12. Lemon has established the opposite here, as he states that his child is currently being cared for by her grandparents. ECF Doc. 47 at 6. Therefore, the Court finds the death of Lemon's minor child's mother insufficient to establish an "extraordinary and compelling reason" warranting sentence reduction.

2. **Sentencing Factors under 18 U.S.C. §3553(a)**

Even if the Court were to find that Lemon established "extraordinary and compelling reasons" for compassionate release, reduction of his sentence would not be appropriate. Compassionate release is inappropriate upon consideration of the sentencing factors in 18 U.S.C. § 3553(a). The statute lists seven factors the Court must weigh:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range;
(5) any pertinent policy statement;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). When a court initially considers the § 3553(a) factors during sentencing, the court need not pen a lengthy opinion regarding 3553(a) factors. *See United States v. Jones*, 2020 U.S. App. LEXIS 36620, at *30 ("Reading the judge's compassionate release decision and the original sentencing hearing transcript together reveals that the district judge carefully considered all

5

relevant § 3553(a) factors."). When deliberating a motion for compassionate release, the Court must decide whether to weigh the factors differently because of a change in circumstances. Generally, the factors favor release when a high-risk defendant has less than a year of his or her sentence remaining. *See Hardin*, Case No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at *10.

Here, Lemon was sentenced to 180 months incarceration and has over eight years remaining on his sentence. *See United States v. Ruffin,* 978 F.3d 1000, 1008 (6th Cir. 2020) (noting that in deciding whether to grant a sentence reduction, the amount of time the defendant has served on his sentence encompasses several § 3553(a) sentencing factors). Furthermore, Lemon has failed to establish that he no longer poses a danger to the safety of any other person or the community. Lemon was involved in significant drug trafficking activity involving multiple firearms. *See United States v. Relliford*, No. 20-3868, 2021 U.S. App. LEXIS 5188, at *2-3 (6th Cir. Feb. 22, 2021) (finding that a district court properly weighed the 3553(a) factors, when the court considered the seriousness of the defendant's current offense and the length of time remaining on Defendant's sentence.) Given these facts, the § 3553(a) factors weigh against granting Lemon compassionate release. *See United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009) (district courts have "broad discretion to determine what sentence will serve [§ 3553(a)'s] statutory objectives.").

### III. Conclusion

For the above reasons, Defendant Lemon's motions to reduce sentence and requesting compassionate release (ECF Doc. 42 and ECF Doc. 47) are **DENIED**.

**IT IS SO ORDERED.**

Dated: March 18, 2021  /s/ *Dan Aaron Polster*
**Dan Aaron Polster**
**United States District Judge**

6