IN THE UNITEST STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff | ) | CASE NO. 4:16-CR-0239 |
| | ) | |
| | ) | JUDGE DAN A. POLSTER |
| v. | ) | |
| | ) | OPINION AND ORDER |
| PHILLIP M. LEMON, II, | ) | |
| | ) | |
| Defendant | ) | |

**MEMORANDUM**

Before the Court is Defendant Phillip M. Lemon II's second motion for reconsideration of his motion for compassionate release (ECF Doc. 64) filed through counsel on July 28, 2021. For the following reasons, Defendant Lemon's motion is **DENIED**.

**I. Background**

On November 8, 2016, as part of a plea agreement, Defendant Lemon pleaded guilty to drug trafficking. ECF Doc. 33. On February 23, 2017, the Court sentenced him to 180 months in prison. ECF Doc. 40. Lemon is currently being held at FCI Beckley and has a release date of March 24, 2029.[1] Lemon previously moved the Court to reduce his sentence because he suffers from hypertension and obesity; was experiencing COVID 19 symptoms; and his 9-year old daughter's mother had recently died. ECF Doc. 42. The Court appointed a Federal Public Defender ("FPD") for Lemon on December 16, 2020. On February 24, 2021, the FPD filed a

---

[1] *Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ last visited August 4, 2021).

1

motion for compassionate release on Lemon's behalf. ECF Doc. 47. The Court denied Lemon's motion for compassionate release on March 18, 2021. ECF Doc. 54.

On April 1, 2021, Lemon filed a motion for leave to file motion for reconsideration, which the Court granted to permit Lemon to supplement his prior motion with evidence that his daughter's current caregivers (her maternal grandparents) were incapable of providing adequate care for her. ECF Doc. 58. However, when Lemon did not submit the evidence, the Court denied his motion for reconsideration on June 8, 2021. ECF Doc. 61.

On July 28, 2021, Lemon filed a second motion for reconsideration, this time attaching evidence of the medical history of one of his daughter's caregivers, Walter Perez. ECF Doc. 64. The Government responded (ECF Doc. 65) and Lemon filed a reply. ECF Doc. 66. Because Lemon has not demonstrated that Mr. Perez is the only family member capable of caring for his child, the Court DENIES his second motion for reconsideration. ECF Doc. 64.

## II. Discussion

**A.     Motion for Compassionate Release**

Before petitioning the Court for compassionate release, a defendant must show that he has "fully exhausted all administrative rights" to request relief from the Bureau of Prisons ("BOP"), or else must show that thirty (30) days have elapsed since a request has been received by the warden of the defendant's facility. 18 U.S.C. § 3582(c)(1)(A). This "mandatory claim-processing rule" must be enforced when raised in opposition to an improperly filed motion. *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. Jun. 2, 2020). The Court had already determined that Lemon exhausted his request for relief. *See* ECF Doc. 54.

Under 18 U.S.C. § 3582(c)(1)(A)(i), before granting a sentence modification, a court must find: (A) extraordinary and compelling reasons warrant a sentence modification; (B) the

2

defendant is not a danger to the safety of any other person or the community, and (C) the reduction is appropriate considering the sentencing factors located at 18 U.S.C. § 3553(a). 18 U.S.C. §3582(c)(1)(A).

The Court had previously determined that there were no extraordinary and compelling reasons warranting a sentence modification. However, the Court permitted Lemon to supplement his motion with evidence that his daughter's caregivers were incapacitated. Lemon's second motion for reconsideration attempts to supplement his prior motion; Lemon has submitted evidence that one of his daughter's caregivers may be incapacitated due to his own history of health problems. Lemon contends that this is an extraordinary and compelling reason justifying his early release.

**B.     Second Motion for Reconsideration**

In his motion for compassionate release, Lemon argued that his daughter's mother had died and that her maternal grandparents were struggling to care for her (and several other children) due to their own physical and mental health issues. ECF Doc. 47 at 6. The Court initially rejected this argument, in part, because Lemon had not produced any evidence of the grandparents' health conditions. But when Lemon requested that he be permitted to supplement his motion, the Court granted his request. ECF Doc. 58.

18 U.S.C.S. Appx § 1B1.13(1)(A) permits the Court to reduce a prison sentence if the Court determines that extraordinary and compelling reasons warrant the reduction. The application notes list various reasons that may be considered "extraordinary and compelling." Section (C) provides two examples of "Family Circumstances" that may amount to extraordinary and compelling reasons under the statute. These family circumstances are:

    (i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.

3

> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

18 U.S.C.S. Appx § 1B1.13(1)(A).

Lemon argues that Section (C)(i) of the application notes applies here and that he is not required to show that he would be the *only* available caregiver for his daughter.  His argument is seemingly consistent with the plain language of the application notes.  But, as argued by the Government, his argument is *inconsistent* with the BOP's Program Statement 5050.50, which provides further guidance on the "family circumstances" that may constitute extraordinary and compelling reasons for an inmate's release.  The information to be considered for section (C)(i) includes, "a statement that this person was the *only* family member capable of caring for the inmate's child." (emphasis added.)  See BOP Program Statement 5050.50.  Thus, Lemon's argument — that such information is unnecessary under application note (C)(i) — is not well taken.

Moreover, Lemon has only supplemented his motion to reconsider with medical records for one of his daughter's current caregivers.  ECF Doc. 64-1.  In his original motion to reconsider, he argued that both of her caregivers were suffering from health problems that made it difficult for them to care for her.  ECF Doc. 47 at 6.  But his supplementation is related to only one of the caregivers, Walter Perez.  Thus, Lemon has not carried his burden of showing that there are no other family members who are capable of caring for his daughter.  In addition to his daughter's grandmother, who is currently caring for her, there may be other family members who could care for his daughter as well.  For example, Lemon has reported being close to his mother and that his step-father is a good man.  ECF Doc. 37 at 13.  He has not shown that there are no other family members who could care for his daughter while he serves his sentence.

Having now reviewed Lemon's second motion to reconsider and his supplemental evidence, the Court affirms its previous ruling that Lemon has failed to show extraordinary and compelling reasons warranting a sentence modification.

### III.  Conclusion

For the above reasons and those stated in the Court's prior order denying motion for compassionate release (ECF Doc. 54), the Court DENIES Defendant Lemon's Second Motion for Reconsideration.  ECF Doc. 64.

**IT IS SO ORDERED.**


Dated: August 5, 2021 　　　　　　　　　　　　　　　　　**/s/ *Dan Aaron Polster***
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Dan Aaron Polster**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**