**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO.    4:16-cr-00239** |
| | ) | |
| | ) | |
| **Plaintiff-Respondent,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | |
| **PHILIP M. LEMON II,** | ) | <u>**OPINION & ORDER**</u> |
| | ) | |
| **Defendant-Petitioner.** | ) | |
| | ) | |

On November 10, 2025, Defendant-Petitioner Phillip M. Lemon II ("Lemon") filed a *pro se* motion to reduce his sentence pursuant to 18 U.S.C. §§ 3582(c)(1)(A), also known as a motion for compassionate release, under the First Step Act. ECF 71. The Government filed a response in opposition on April 10, 2026. ECF 79. Lemon timely mailed his reply, which was received by the Court on May 11, 2026. ECF 80. For the reasons discussed herein, Lemon's motion is **DENIED**.

**I.    BACKGROUND**

On July 27, 2016, Lemon was indicted on five counts:

**Count 1:** Possession with Intent to Distribute Heroin in violation of 21 U.S.C.§ 841(a), 21 U.S.C.§ 841(b)(1)(B) and 21 U.S.C.§ 851.

**Count 2:** Possession with Intent to Distribute Fentanyl in violation of 21 U.S.C.§ 841(A)(1), 21 U.S.C.§ 841(b)(1)(C), and 21 U.S.C.§ 2.

**Count 3:** Maintain a Drug Involved Premises in violation of 21 U.S.C.§§ 856(a)(1), 856(b) and 18 U.S.C.§ 2.

**Count 4:** Felon in Possession of Firearms and Ammunition in violation of 18 U.S.C.§§ 922(g)(1) and 924(a)(2).

**Count 5:** Possession of Firearms During a Drug Trafficking Crime in violation of 18 U.S.C.§ 924(c)(1)(A)(i).

1

ECF 1. On November 8, 2016, Lemon entered into a plea agreement where he pled guilty to Counts 1, 2, and 5, and Count 3 and 4 were dismissed. ECF 32, 33.

The Presentence Investigation Report ("PSR") calculated Lemon's base offense level as 32. ECF 37, ¶ 22. This was calculated using the U.S. Sentencing Commission's 2016 Guidelines Manual. U.S.S.G. § 1B1.11. A three-level reduction for acceptance of responsibility yielded a total offense level of 29. ECF 37, ¶¶ 29-31. An evaluation of Lemon's criminal history placed him in criminal history category VI. *Id.*, ¶ 48. Lemon's total offense level of 29 and a criminal history category VI resulted in an advisory guidelines imprisonment range of 151 months to 188 months for Counts 1 and 2. *Id.*, ¶ 79. Count 5 carried a mandatory minimum term of imprisonment of five years, which must be imposed consecutively to any other counts. 18 U.S.C. § 924(c)(1)(A)(i).

The Federal Rule of Criminal Procedure 11(c)(1)(A) and (C) plea agreement recommended a sentence of 180 months for all three Counts, a significant downward departure from the advisory guidelines. ECF 33; ECF 37, ¶ 80. The Court adopted this request at a sentencing hearing on February 23, 2017, sentencing Lemon to 180 months imprisonment, along with a term of 8 years of supervised release, and a $300 total special assessment. ECF 40. Lemon is currently detained at Talladega FCI, with an expected release date of May 17, 2029.[1]

Lemon previously filed a motion for compassionate release on November 18, 2020, arguing, *inter alia*, that his sentence should be reduced because his 9-year-old daughter's mother recently died. ECF 42, at 8-9. However, Lemon failed to provide "any documentation of the incapacitation of his daughter's grandparents" and "the death of a minor child's caregiver only amounts to an 'extraordinary and compelling reason' when the defendant has provided documentation that they are the only available caregiver for the child." ECF 54, at 5 (citing *United*

---

[1] *Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited May 15, 2026).

*States v. Collins*, Case No. 15-10188, 2020 WL 136859, at \*4 (D. Kan. Jan. 13, 2020)). Further, even if Lemon had established an extraordinary and compelling reason, the Court found compassionate release was inappropriate because the 18 U.S.C. § 3553(a) sentencing factors continued to weigh against his release and denied the motion. *Id.*, at 5-6.

## II. LEGAL STANDARD

A motion for sentence reduction filed under 18 U.S.C. § 3582(c)(1)(A)—a motion for compassionate release—is analyzed under a three-step inquiry. *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (*en banc*) (quotations omitted), *cert. denied*, 143 S. Ct. 2506, 216 L. Ed. 2d 461 (2023). First, when an imprisoned person files a motion for compassionate release, they must show exhaustion by either: (1) a warden denying their request; or (2) thirty days passing since their request was made without a response. *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

Second, the Court must find that both "extraordinary and compelling" reasons justify a sentence reduction and that such a reduction would be consistent with policy statements issued by the Sentencing Commission. *Jones*, 980 F.3d at 1101.

If an "extraordinary and compelling reason" is found, the final step of the inquiry requires re-weighing the sentencing factors of 18 U.S.C. § 3553(a). *McCall,* 56 F.4th at 1054. When weighing these factors, a district court is permitted to consider a defendant's "history and characteristics, including his propensity to be a danger to the community upon release, as well as the nature and circumstances of his offense." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021).

The defendant bears the burden of showing they are eligible for a sentence modification. *United States v. McClain*, 691 F.3d 774, 777 (6th Cir. 2012) (the defendant bears the burden to show eligibility for reduction of sentence under Section 3582(c)(2)).

## III. ANALYSIS

### A. TIMELINESS

Before Lemon can proceed with his motion for compassionate release, he must first demonstrate either that: (1) he has exhausted all administrative remedies; or (2) at least thirty days have passed since a Warden received his compassionate release request. 18 U.S.C. § 3582(c)(1)(A). Here, Lemon states that he filed his request with the Warden on September 21, 2025, and provides the Court with a copy of his request. ECF 71, at 4; ECF 71-2. The Government does not contest this. Since more than thirty days passed between Lemon filing his request with the Warden and his filing of the instant motion, he has satisfied the exhaustion of administrative remedies requirement.

### B. EXTRAORDINARY AND COMPELLING REASONS

#### 1. First Step Act

Lemon argues that after he had been sentenced in 2017, the Sentencing Commission amended § 5H1.1 of the Sentencing Guidelines, which addresses the relevance of age in sentencing. He argues that the Sentencing Commission's November 1, 2024, amendment ("Amendment 829") [2] broadened the language for how a court may consider age, but particularly youthfulness, in deciding whether a downward departure in sentence is appropriate. ECF 71, at 8. Since Lemon's prior convictions, which were taken into consideration during his sentencing, were

---

[2] https://www.ussc.gov/guidelines/amendment/829.

4

committed when he was under the age of twenty-five, Lemon argues that the amendment could have resulted in a downward departure in sentencing. *Id.*, at 9-10.

However, the Sentencing Commission makes clear that "[e]xcept as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." U.S.S.G. § 1B1.13(c). And Amendment 829 is a non-retroactive change in sentencing law via an amendment to the Guidelines Manual. This means that Lemon would need to qualify under § 1B1.13(b)(6) in order for him to even potentially gain the benefit of Amendment 829.

Unfortunately for Lemon, qualifying under § 1B1.13(b)(6) is no longer even an option, as the Sixth Circuit recently held the entirety of that subsection invalid. *United States v. Bricker*, 135 F.4th 427, 430 (6th Cir. 2025), *petition for cert. filed*, Case No. 25-81 (U.S. July 18, 2025) (holding that the Sentencing Commission exceeded its statutory authority in promulgating § 1B1.13(b)(6) by "issu[ing] a policy statement that is plainly unreasonable under the statute and in conflict with the separation of powers"). As this Court is bound by *Bricker*, any potential change in sentence, had Lemon been sentenced today, resulting from Amendment 829's changes to § 5H1.1 cannot be relied upon as an extraordinary and compelling reason.

### 2.  Other Extraordinary and Compelling Reasons

Lemon provides two other arguments to serve as the extraordinary and compelling reason for his compassionate release. First, he argues that his family circumstances qualify as an extraordinary and compelling reason because of the death of his minor child's mother in 2020 and her grandparents, who have been caring for her in the interim, are now incapacitated and can no longer provide that care. U.S.S.G. § 1B1.13(b)(3)(A) states that a defendant's family

5

circumstances may warrant a sentence reduction in the event of "the death or incapacitation of the caregiver of the defendant's minor child." However, the policy statement does not define what constitutes incapacitation or what the defendant is required to provide in order to succeed on this ground.

Here, Lemon states that his daughter's mother passed away on July 5, 2020, and that his daughter has since been in the care of her grandparents. ECF 71, at 6-7. He argues that at this point, nearly six years later, "both grandparents are elderly and have had health issues to the point of being incapacitated and can no longer properly provide and/or care" for his daughter. *Id.*, at 7 (cleaned up). Lemon then states that he attached "diagnoses for both grandparents" to his motion; however, no such documentation was provided. Indeed, the Court observed this discrepancy and directed Lemon on February 10, 2026, "to submit any such documentation no later than March 3, 2026, if he wishes for it to be considered by the Court." Lemon later asked for an extension of that deadline, which the Court granted in part, giving Lemon until March 31, 2026, to place his supplemental documentation in the prison mail system. Approximately six weeks after the deadline, Lemon has not submitted any documentation supporting his assertion that both grandparents are incapacitated. In his Reply, Lemon again states that he had "[a]attached diagnoses for both Elderly Parents of Monique," but the Court notes that no such documentation was among the attachments to Lemon's filing. ECF 80, at 4. Without that information, it is impossible to determine whether or not this qualifies as an extraordinary and compelling reason.

Lemon also argues that his rehabilitation in prison should counsel this Court to grant his motion for compassionate release. However, § 1B1.13(d) makes clear that, pursuant to 28 U.S.C. § 994(t), rehabilitation "is not, by itself, an extraordinary and compelling reason." *See also United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) (observing the same). Rather, the Court may

consider any rehabilitation "in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d). And since Lemon is unable to establish any other extraordinary and compelling reason, his rehabilitation is not a reason to justify compassionate release.

## C.  § 3553(A) SENTENCING FACTORS

Even if Lemon were able to establish an extraordinary and compelling reason, the Court would still be required to weigh whether a reduction in sentence is appropriate considering the § 3553(a) sentencing factors. 18 U.S.C. 3582(c)(1); *see also Ruffin*, 978 F.3d at 1001 (finding that the district court did not abuse its discretion when it "denied relief to Ruffin not just because no extraordinary and compelling reasons existed, but also because the § 3553(a) factors weighed against his release").

Lemon argues that, even though he understands that his conduct was "extremely serious," his term of Supervised Release for the next eight years (which would still take place, even if he were granted compassionate release) is sufficient to assuage any concerns the Court may have about his presence in the community. Additionally, the Court received several letters of support from Lemon's family and friends. However, this is not sufficient to establish that he no longer poses a danger to the safety of any other person or the community. As the Court noted the last time it weighed these factors in Lemon's case, "Lemon was involved in significant drug trafficking activity involving multiple firearms." ECF 54, at 6. He also has a previous felony conviction, where he committed the offense while on Supervised Release for a prior conviction. When this Court granted Lemon the freedom to self-surrender for his sentence, Lemon abused that freedom and failed to self-report. Indeed, an investigation was necessary to locate Lemon and take him into custody a month later.

7

In sum, the Court finds that, even if Lemon had established an extraordinary and compelling reason, the § 3553(a) sentencing factors would still counsel against his early release.

## IV. CONCLUSION

The Court finds that Lemon is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). And even if he were eligible, the section 3553(a) factors weigh against his requested relief. Accordingly, the Court **DENIES** Lemon's motion for sentence reduction.


**IT IS SO ORDERED.**

                     */s/Dan Aaron Polster*

                     **Dan Aaron Polster**

**Date: May 15, 2026**                **United States District Judge**